**DALOW INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 85–12–01707.**

United States Court of
International Trade.

April 27, 1989.

---

Soller, Singer & Horn, William C. Shayne, New York City, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Saul Davis, New York City, for defendant.

## OPINION AND ORDER

MUSGRAVE, Judge.

### BACKGROUND

In June, 1981 Dalow Industries imported into the U.S.A. gold jewelry from Italy and paid all duty assessed against the merchandise. Several weeks later, on finding that the jewelry was unsatisfactory to them, Dalow had the merchandise returned to Italy. Dalow then filed a Drawback claim, # 31001–81–923171–4, pursuant to 19 U.S. C. § 1313(c). A Protest of the denial of the Drawback Claim was filed on January 24, 1984, pursuant to 19 U.S.C. § 1514, and denied on June 14, 1985.

At about the same time and in an independent dispute, Dalow and a third party, Pier Air Incorporated, reached a Settlement Agreement.[1] As part of that settlement Pier Air paid Dalow a sum of money and in return Pier Air was granted the right by Dalow to act as counsel in the Drawback claim at issue in this action and also to receive any money recovered in this action. More specifically, on July 6, 1988 the Settlement Agreement was filed in this action, along with a "Notice of Substitution of Attorney Pursuant to Stipulation."

The Notice of Substitution provides in part:

> Please take notice that pursuant to the attached Stipulation in Settlement of a related action between Dalow Industries, plaintiff in this action and Pier Air International, Ltd., its broker ... have been substituted as attorneys of record for plaintiff in this action ... Please take

---

**1.** The agreement filed is titled "Stipulation". However, for the sake of clarity it is referred to hereinafter as the "Settlement Agreement."

further notice that the undersigned hereby appears in this action *as attorney for Dalow Industries, the plaintiff herein* ... (emphasis added).

The Settlement Agreement which is the subject of a motion to dismiss by the government, states in part:

5. Subject to the terms and conditions of this paragraph, Dalow Industries, Inc. hereby grants, conveys, and assigns unto Pier Air International, Ltd. any and all rights, if any, which it may have against any party with respect to Drawback Claim # 1001–81–923171–4 presently pending with the U.S. Customs Service, or to the extent realized, the proceeds thereof. Plaintiff hereby agrees to relinquish control over the prosecution of said Drawback Claim to counsel of defendant's choice and defendant hereby agrees to indemnify and hold harmless plaintiff from any and all liabilities of every kind and nature arising from or in connection with the said Drawback Claim. Dalow Industries Inc. makes no representations or warranties of any nature whatsoever as to its right to a monetary recovery against the U.S. Customs Service in connection with Drawback Claim # 1001–81–923171–4, or its right to assign said claim or the proceeds, if any, thereof to a third party. Accordingly, Dalow Industries, Inc. shall have no liability of any kind or nature to Pier Air International, Ltd., including in the event that Pier Air International, Ltd. is unsuccessful in its attempts to recover same from the U.S. Customs Service or in the event that the assignment thereof is unenforceable or ineffective.

In its motion to dismiss the government argues that this Agreement is in violation of the "Assignment of Claims Act," 31 U.S.C. § 3727, which provides in part:

(a) In this section, "assignment" means—

(1) a transfer or assignment of any part of a claim against the United States Government or of an interest in the claim; or

(2) the authorization to receive payment for any part of the claim.

(b) An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued.

The government argues that the conditions set forth in the Assignment of Claims Act have not been satisfied in the Settlement Agreement and moves the Court to dismiss this action for lack of jurisdiction, and/or failure to state a claim upon which relief can be granted. Plaintiff Dalow contends that they remain the proper party in this action and that the settlement of an independent matter with Pier Air and the substitution of counsel does not affect this claim.

### DISCUSSION

I. *The Court has jurisdiction over this matter.*

In this case, the government has moved to dismiss pursuant to U.S. Court of International Trade Rule 12 Part b, which provides in part:

[T]he following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter., ... (5) failure to state a claim upon which relief can be granted ...

■ However, the Court clearly has jurisdiction over this matter. 28 U.S.C. § 2631 provides as follows: "a) A civil action contesting the denial of a protest ... may be commenced in the Court of International Trade by the person who filed the protest ..." Dalow was in fact the person who filed the drawback claim and timely protest and as such is the proper party to file a claim with this Court. Any question as to the validity and nature of Pier Air's role in this case does not affect the Court's jurisdiction and therefore the defendant's Motion to Dismiss pursuant to C.I.T. Rule 12(b)(1) is denied.

II. *The Settlement Agreement filed is not in violation of the Assignment of Claims Act, 31 U.S.C. § 3727.*

a) The Settlement Agreement involved is an assignment, not an equitable lien.

The government also moves to dismiss pursuant to C.I.T. Rule 12(b)(5), for failure

to state a claim upon which relief can be granted. This raises a question of the nature of the rights granted to Pier Air by Dalow in the Settlement Agreement filed. The plaintiff's argument on this issue is unclear. On the one hand Dalow indicates that this Agreement is not in violation of the Assignment of Claims Act because it does not contravene the policy objectives of the Act—thus presumably conceding that it is in fact an assignment. On the other hand Dalow argues that the Agreement is simply an equitable lien on the proceeds of this law suit and that Pier Air simply has supplied Dalow with counsel to prosecute the case.

The government argues that this is an assignment of all legal rights and remedies in the Drawback Claim. Therefore, defendant claims that neither Dalow nor Pier Air are properly before this Court—Dalow is not the proper party because they gave away all rights in the action when they filed the Settlement; Pier Air is not the proper party because they did not file the Protest in the case as required by 28 U.S.C. § 2631.

■ The underlying question, the legal nature of the Settlement Agreement, turns on how "assignment" is defined. It has been held that "an assignment must manifest an intention to assign and must describe the subject matter with sufficient particularity to render it capable of identification." *Nickell v. U.S.* 355 F.2d 73 (10th Cir.1966). *See also Miller v. Wells Fargo Bank International* 540 F.2d 548, 558 (2d Cir.1976). The courts have further held that "the question of what rights and remedies pass with a given assignment depends upon the *intent* of the parties" (emphasis added). *Pacific Coast Agriculture Export Association v. Sunkist Growers, Inc.* 526 F.2d 1196, 1208 (9th Cir.1975), cert. denied 425 U.S. 959, 96 S.Ct. 1741, 48 L.Ed.2d 204 (1976).

The Settlement Agreement shows what Dalow and Pier Air intended to convey. The key words are: "Dalow ... hereby grants, conveys, and assigns unto Pier Air ... any and all rights, if any, which it may

have against any party with respect to Drawback Claim # 1001–81–923171–4 ... or to the extent realized the proceeds thereof. Plaintiff [Dalow] hereby agrees to relinquish control over the said Drawback Claim to counsel of defendant's [Pier] choice." *Settlement Agreement, supra.* The parties clearly intended to assign this legal claim to Pier Air, and that assignment is sufficiently particular as to exactly what was assigned—all legal rights to proceed in this action or to receive all benefits deriving from it. Furthermore, the Settlement Agreement uses the term "assignment" in its text[2] thus evidencing an intention to assign the described rights.

Dalow's claim that this transaction "should be regarded as an enforceable equitable lien" rather than as an assignment, is not persuasive (*Plaintiff's Brief In Opposition To Defendant's Motion to Dismiss*, p. 4). In *Martin v. National Surety Co.*, 300 U.S. 588, 597, 57 S.Ct. 531, 535, 81 L.Ed. 822 (1937), cited by Dalow, the Supreme Court held that "an assignment ineffective at law may nonetheless amount to the creation of an equitable lien when the subject matter of the assignment has been reduced to possession and is in the hands of the assignor or of persons claiming under him, with notice." That is not the case here. The underlying dispute that will result in the subject matter being reduced to a judgment is still unresolved.

b) The Assignment of Claims Act does not prohibit the Assignment at issue here.

■ Having found that the Settlement Agreement was in fact an assignment by Dalow to Pier Air of all legal claims and proceeds relating to the Drawback Claim at issue here the next question is whether that assignment violated the Assignment of Claims Act, 31 U.S.C. § 3727, or whether the Act applies at all in the instant case. In addressing the latter issue Dalow cites *United States v. Shannon,* 342 U.S. 288, 72 S.Ct. 281, 96 L.Ed. 321 (1952) for the proposition that the conditions for which

---

**2.** "[O]r in the event that the *assignment* thereof is unenforceable ..." (emphasis added).

the Assignment of Claims Act were intended do not exist here. In its analysis, the Supreme Court established that the Act's "primary purpose was undoubtedly to prevent persons of influence from buying up claims against the United States ..." and, that a second purpose was "to prevent possible multiple payment of claims, to make unnecessary the investigation of alleged assignments, and to enable the government to deal only with the original claimant" and, thirdly, "to save to the United States 'defenses which it has to claims by an assignor by way of set off, counter-claim, etc., which might not be applicable to assignee.'" *Id.* at 291–2, 72 S.Ct. at 284, (citing *Grace v. United States,* 76 F.Supp. 174, 175 (1948)). *See also, New York Guardian Mortgagee Corp. v. Cleland,* 473 F.Supp. 422 (1979).

None of the three purposes enumerated by the Supreme Court in *Shannon,* for the protection of the government exist here:

1. There is no question that "persons of influence" have not purchased this claim nor is it even arguably improperly urged upon officers of the government.

2. There does not appear to be a possibility of multiple payment of claims as the original and proper claimant was and is still before the Court.

3. Defendant is not deprived of "its defenses which it has to claims ... by way of set off, counter-claim, etc...." If the government has set offs against Dalow, they could be readily asserted as Dalow is the plaintiff in this case.

The government suffers no harm by virtue of the assignment of a claim here, and as such, the policy and objectives enumerated by the Courts for application of the Act are not found here. The Assignment is not, therefore, prohibited by the Assignment of Claims Act.

The government relies on *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed. 2d 428 (1965) and *Martin v. National Surety Co.,* 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822 (1936) in support of its position that the assignment is invalid only as between Pier Air and itself but remains valid as between Dalow and Pier Air. Both *Martin* and *Segal* hold that the Assignment of Claims Act " 'must be interpreted in the light of its purpose to give protection to the government' so that between the parties, effect might still be given to an assignment that failed to comply with the statute." *Segal,* 382 U.S. at 384, 86 S.Ct. at 517 (citing *Martin* ). The *Segal* court reiterated that "after claims have been collected" the government would not be endangered by upholding the otherwise void assignment. *Id.* at 384, 86 S.Ct. at 517–18.

The government's reliance on *Segal* and *Martin* is misplaced. As has already been discussed, the assignment involved in this case is not contrary to the objectives of the Assignment of Claims Act, whereas *Segal* and *Martin* address the situation where the assignment has been found to be in possible violation of the purposes of the Act; but even so, both stand for the proposition of upholding the assignment where, as here, it does no harm to the government. Even assuming, *arguendo,* that the assignment were in conflict with the Act, *Segal* and *Martin* would still be inapplicable because those cases only control the situations in which the claim has been satisfied and the government's liability is at an end. That is not the case here.

It is simply not the case, as the government asserts, that both Pier Air and Dalow are improperly before the Court. The effect of this would be, not only to deny Pier Air the ability to pursue the Drawback Claim, but additionally would result in Dalow being unable to pursue the claim.

The government further asserts that *Parksmith Corp. et al. v. United States,* 77 Customs Court 102, C.D. 46179 (1976) controls and mandates dismissal. But *Parksmith* can be easily distinguished from the instant case. In *Parksmith* successors in interest who had had no connection with the importation were deemed to be not the real parties in interest and because of that fact the Court dismissed the action on the grounds that they lacked "direct connection to the Customs transaction at issue." *Id.* at 103. The Court, after setting out its grounds for dismissal went on to state "Were this not enough, an obstacle to the prosecution of these claims exists in the form of the Assignment of

Claims Act," but this must be regarded as dicta, as the actual grounds for decision had already been set forth. *Id.* at 103. The dismissal was not based on the Assignment of Claims Act and the case is therefore not dispositive of the issue presently before the Court.

III. *This case is being prosecuted by the proper party.*

 The government states several times in its arguments that this case is being prosecuted by Pier Air. However, the fact is that the suit has been brought in the name of the proper party—Dalow, a fact which is not contested by the defendant. To reiterate, Dalow as the importer of record, filed the protest in this action and is the party presently before the Court. Pier Air has not joined in the action as a party and any judgment in this case, along with the possibility of a money recovery, would belong to *Dalow.* As such, the fact that there has been a substitution of counsel in the case, and that the newly substituted counsel are also counsel for Pier is not relevant. The most important factor is that the proper party is before the Court.

### CONCLUSIONS

Since the relief prayed for, and the facts of the case, do not fall within the enumerated scopes and objectives of the Assignment of Claims Act, and as the government will in no way be prejudiced by an adjudication of those facts, inasmuch as it has not lost its right to set offs or counter-claims and is not disadvantaged in its defense in any way which can be discerned by this Court, we hold that the right of plaintiff, Dalow, to its "day in court", should not be, and will not be, denied because of the mere technicality of its allowing a third party to control the prosecution of the case. Dalow itself may or may not be disadvantaged by this arrangement but, the government is clearly not harmed thereby. Defendant's motion to dismiss is hereby denied.

SO ORDERED.